FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT
★ FEB 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHAEL WARREN,

                           Plaintiff,

       -against-

HARTWICK COLLEGE, ALPHA DELTA OMEGA
FRATERNITY, INC., ROBERT W. STINCHFIELD,
EVAN A. ARKING, LEON O. FRATI, DANIEL B.
INTRILIGATOR, JULIAN I. SHAPIRO,
JONATHAN A. TRUDEL and JUSTINE W. MILLER,

                           Defendants.
------------------------------------------------------------x

**MEMORANDUM AND ORDER**

11-CV-2309 (SLT) (JO)

**TOWNES, United States District Judge:**

       In April 2011, plaintiff Michael Warren commenced this action in the Supreme Court of the State of New York, Kings County, seeking to recover compensatory damages for injuries he sustained during a hazing incident at a fraternity at Hartwick College. The original complaint, which named the college, the fraternity and several fraternity "brothers" as defendants, contained twelve causes of action. However, only the third cause of action – which alleged that the college had violated plaintiff's rights under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000d – raised a federal cause of action.

       In May 2011, one of the fraternity brothers removed the action to this Court pursuant to 28 U.S.C. §1441(b), noting that this Court had federal question jurisdiction over the case. Although this case has remained pending in this Court ever since, no substantive motions were ever filed. Indeed, by August 22, 2011, all of the parties – except for one fraternity brother who had not been served with process and the fraternity, which had failed to answer the complaint – had agreed to a settlement in principal. Although there were some difficulties in finalizing the

settlement agreement, those parties ultimately filed a stipulation and proposed order of discontinuance on February 6, 2012. That proposed order was endorsed by this Court on February 8, 2012.

Since there are no federal claims against the two defendants remaining in this action, this Court considers, *sua sponte*, the issue of whether this Court should continue to exercise pendent jurisdiction over this action. "Pendent jurisdiction, in the sense of judicial power, exists whenever there is a claim 'arising under [the] Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority' . . . and the relationship between that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case.'" *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966) (quoting U.S. Const., Art. III, §2). However, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right," the justification for which "lies in considerations of judicial economy, convenience and fairness to litigants." *Id.* at 726. "[I]f these are not present a federal court should hesitate to exercise jurisdiction over state claims. . . ." *Id.* "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id.*

"[T]he dismissal of pendent claims is not always required when federal claims in an action are dismissed." *Raucci v. Town of Rotterdam*, 902 F.2d 1050, 1054 (2d Cir. 1990) (citing *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). However, "[w]hen all bases for federal jurisdiction have been eliminated from a case so that only pendent state claims remain, the federal court should ordinarily dismiss the state claims." *Baylis v. Marriot Corp.*, 843 F.2d 658, 665 (2d Cir. 1988). "Where the state claims originally reached the federal forum

by removal from a state court, the district court has the discretion to dismiss the claims without prejudice or remand them to the state court." *Id.* (citing *Cohill*, 484 U.S. 343).

In this case, all federal claims have been discontinued. The stipulation submitted by the parties did not request that this Court retain jurisdiction and no justification for retaining jurisdiction over the state law claims which remain in this action is apparent from the record. Accordingly, this Court declines to exercise pendent jurisdiction over this matter and remands this action to the Supreme Court of the State of New York, Kings County.

## *CONCLUSION*

For the reasons set forth above, this Court declines to exercise pendent jurisdiction over this matter and remands this action to the Supreme Court of the State of New York, Kings County. Upon remand, the Clerk of Court shall close this case.

**SO ORDERED.**

                                                                      s/ SLT
                                                                   SANDRA L. TOWNES
                                                                   United States District Judge

Dated: February 9, 2012
       Brooklyn, New York